**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF ILLINOIS**
**EAST SAINT LOUIS DIVISION**

| | | |
|---|---|---|
| **DALE LINK,** | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Cause No. 20-cv-1061 |
| v. | ) | |
| | ) | |
| **MIDLAND CREDIT MANAGMENT, LLC** | ) | |
| | ) | |
| Serve at: | ) | |
| ILLINOIS CORPORATION SERVICE CO, R/A | ) | |
| 801 ADLAI STEVENSON DRIVE | ) | |
| SPRINGFIELD, IL 62703 | ) | |
| | ) | |
| Defendant. | ) | **JURY TRIAL DEMANDED** |

## PETITION

COMES NOW, Plaintiff, Dale Link, and for his Petition states as follows:

## INTRODUCTION

1.      This is an action for statutory and actual damages brought by an individual consumer for violations of the Fair Debt Collections Practices Act, 15 USC 1692 *et. Seq.* ("FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

2.      This is an action for statutory and actual damages brought by an individual consumer for violations of the Illinois Collection Agency Act, 225 ILCS 425/1 ("ICAA"), which prohibits debt collectors from engaging in deceptive or abusive debt collection tactics.

3.      Plaintiff demands a trial by jury on all issues so triable.

## JURISDICTION AND VENUE

4.      This Court has original jurisdiction of the FDCPA claim under 15 USC 1692k (d) because the illicit collection activity was directed at Plaintiff in Monroe County, Illinois, within

the Southern District of Illinois, and the claim arises under federal law.

5.      This Court has original jurisdiction of the state law ICAA claim under 28 USC §

1367, because the unfair collection practices were directed at Plaintiff in Monroe County,

Illinois, within the Southern District of Illinois.

6.      Venue is appropriate in this Court under 28 U.S.C. § 1391(b)(1) because a

substantial part of the events giving rise to the claim occurred in the Southern District of Illinois

under the direction of the Defendant and the Defendant transacts substantial business here.

## PARTIES

7.      Plaintiff is a natural person currently residing in Monroe County, Illinois.

Plaintiff is a "consumer" within the meaning of the FDCPA and ICAA.  The debt Plaintiff

allegedly owes arises out of consumer, family, and household transactions.

8.      Specifically, Plaintiff believes the alleged debts arose from personal lines of credit

with Capital One bank and Citibank used to make household purchases.

9.      Defendant is a foreign corporation with its principal place of business in San

Diego, CA.  The principal business purpose of Defendant is the collection of debts in Illinois and

nationwide, and Defendant regularly attempts to collect debts alleged to be due another.

## FACTS

10.     Defendant's collection activity of which Plaintiff complains occurred within the

previous twelve (12) months.

11.     On November 1, 2019, Defendant sent Plaintiff a debt collection letter attempting

to collect an alleged debt in the amount of $1,125.04, allegedly originating from a Citibank, N.A.

account ending in 2287, and allegedly owned by Midland Funding, LLC.

12.     On November 1, 2019, Defendant sent Plaintiff a debt collection letter attempting

to collect an alleged debt in the amount of $1,093.29, allegedly originating from a Synchrony

Bank account ending in 3251, and allegedly owned by Midland Funding, LLC

13.    On or about December 2, 2019, Plaintiff called Defendant and informed

Defendant that he was about to file a bankruptcy, and provided Defendant with Plaintiff's

attorney's name and contact information, and stated to Defendant that he wanted to terminate any

payments to Defendant scheduled to be drafted against Plaintiff's bank account to be paid

towards the above alleged debts in Defendant's office.

14.    During the December 2, 2019 phone call, after Defendant received notice that

Plaintiff was represented by an attorney, Defendant used harassing and intrusive language

designed to shame and harass Plaintiff into abandoning his plans to file bankruptcy and continue

his payment to Defendant, stating to Plaintiff, "Oh, you were doing so good on this account, so

why do you want to go ahead and stop making payments" and, when Plaintiff responded that it

was because he was going to file bankruptcy, Defendant stated "I heard that, but like, all of

sudden, because you were doing so good, there must be something because you are making this

decision, it's not an easy decision to take, so would you like to share what went wrong?".

### *Violations of the FDCPA*

15.    Defendant's statement to Plaintiff  "Oh, you were doing so good on this account,

so why do you want to go ahead and stop making payments" violated 15 U.S.C. §1692d, which

prohibits a debt collector from engaging  in any conduct the natural consequence of which is to

harass, oppress, or abuse any person in connection with the collection of a debt.

16.    Defendant's statement to Plaintiff "I heard that, but like, all of sudden, because

you were doing so good, there must be something because you are making this decision, it's not

an easy decision to take, so would you like to share what went wrong?" violated 15 U.S.C.

§1692d, which prohibits a debt collector from engaging  in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt.

17.     Defendant's continued collections in attempt to collect a debt after receiving notice that Plaintiff was represented by an attorney violated 15 U.S.C. §1692c(a)(2), which prohibits a debt collector from communicating with a consumer in connection with the collection of any debt if the debt collector knows the consumer is represented by an attorney with respect to such debt and has knowledge of, or can readily ascertain, such attorney's name and address, unless the attorney consents to direct communication with the consumer.

18.     Defendant's collection activities have caused Plaintiff to incur actual damages including but not limited to stress, anxiety, sleeplessness, and worry.

### *Violations of the ICAA*

19.     Defendant's statement to Plaintiff "I heard that, but like, all of sudden, because you were doing so good, there must be something because you are making this decision, it's not an easy decision to take, so would you like to share what went wrong?" violated 225 ILCS § 425/9(a)(20), which prohibits a debt collector from using profane, obscene or abusive language in communicating with a debtor, his or her family or others.

### COUNT I: VIOLATION OF THE FDCPA

20.     Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

21.     In its attempt to collect the alleged debt from Plaintiff, Defendant has committed violations of the FDCPA, 15 U.S.C. 1692 et. seq., including, but not limited to, the following:

a.     Using harassing and abusive language in connection with the collection of a debt. 15 U.S.C. § 1692d.

b.     Continuing debt collection communications with a consumer known to be represented by an attorney.  15 U.S.C. § 1692c(a)(2).

**WHEREFORE**, Plaintiff respectfully requests that judgment be entered against Defendant for:

A.      Judgment that Defendant's conduct violated the FDCPA;

B.      Actual damages;

C.      Release of the alleged debt;

D.      Statutory damages, costs and reasonable attorney's fees pursuant to 15 U.S.C. 1692(k); and

E.      For such other relief as the Court may deem just and proper.

### COUNT II—ILLINOIS COLLECTION AGENCY ACT

22.      Plaintiff re-alleges and incorporates by reference all of the above paragraphs.

23.      Defendant used abusive language when communicating with a debtor, in violation of 225 ILCS § 425/9(a)(20).

24.      WHEREFORE, Plaintiff requests that the Court enter judgment in Plaintiff's favor and against Defendants as follows:

A.      Actual damages suffered by the Plaintiff;

B.      Punitive damages;

C.      Plaintiff's attorney fees and costs;

D.      Such other or further relief as the Court deems proper.

Respectfully submitted by,

Pontello & Bressler, LLC

/s/ Dominic M. Pontello
Dominic M. Pontello, MO#60947
Attorney for Plaintiff
406 Boones Lick Rd
St. Charles, MO  63301
(636) 896-4170

(636) 246-0141 facsimile
dominic@pontellolaw.com